IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
99 JUN -7 PM 2:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RICK W. TIDWELL,                               ) | |
| ) | |
| Plaintiff,                            ) | |
| ) | |
| vs.                                           ) | No.   CV 98-J-1178-NW |
| ) | |
| TENNESSEE VALLEY AUTHORITY   ) | |
| RETIREMENT SYSTEMS and ITS     ) | |
| EMPLOYEES, THROUGH ITS BOARD ) | |
| OF DIRECTORS, et al.,                    ) | |
| ) | |
| Defendants.                       ) | |

ENTERED
JUN 7 1999

## MEMORANDUM OPINION

This cause comes before this Court on Defendant Tennessee Valley Authority Retirement Systems' ("TVARS") motion for summary judgment (doc. 19) and Defendant Provident Life and Accident Insurance Company's ("Provident") motion for summary judgment (doc. 25).

### Undisputed Material Facts

Plaintiff was employed by the Tennessee Valley Authority ("TVA") from May 1978 until December 27, 1995. (R. JJ000001; Klipsch aff., Exhibit 1 at Request 10[1].) TVA is a federal agency. The retirement and pension programs for TVA employees are

---

[1] On November 30, 1998 TVARS served its requests for admissions on Plaintiff's counsel. Klipsch aff. ¶ 2. As of March 25, 1999, Plaintiff has not proved TVARS with written answers or objections to said requests for admission. Klipsch aff. ¶ 3. Thus, said requests for admission are deemed admitted for purposes of this litigation. Fed. R. Civ. P. 36(a).

1

28

administered by the Tennessee Valley Authority Retirement Systems ("TVARS"). TVARS is a wholly separate entity from TVA. *See Tennessee Valley Trades and Labor Council v. TVA*, 751 F. Supp 135, 141 (M.D. Tenn. 1990). During the time Plaintiff was employed by TVA, employees had the option of purchasing additional disability insurance through Defendant Provident, a private company. Plaintiff purchased said insurance. (*See* Deposition of Plaintiff at 66-68.)

In October 1994, Plaintiff sought to retire from TVA with disability retirement status. (R. DD000004-05.) However, Plaintiff withdrew said application in writing before a decision could be made to grant or deny and returned to work at TVA. (R. BB000005, DD000001-02.)

In 1994, TVA created an Early-Out Incentive option ("early-out option") under which employees could make a written offer to resign their TVA employment between August 15 and October 3, 1994. (*See* Marks aff. and Ex. 1 thereto.) Said offers were subject to TVA's acceptance solely at the option of TVA. *Id.* An employee who offered to resign under the early-out option could choose to receive either a lump sum cash payment from TVA *or* additional credits toward pension benefits from TVARS. *Id.* To facilitate the early-out option, TVA utilized a one-page form that allowed the employee to indicate his desire to participate in the option, which financial arrangement he preferred, and when he desired to receive any applicable lump payments. *Id.* Plaintiff indicated on his early-out option form that he wished to participate in the program and wanted a lump sum cash payment *not* additional credits toward pension benefits from TVARS. *Id.*

2

Additionally, Plaintiff indicated on the back of his form that his offer to participate in the early-out option was conditioned upon TVARS's approval of his "pending <u>application for disability retirement benefits</u>" and the "appropriate approval authority for [his] ... pending claim for <u>flex optional long-term disability</u> benefits." *Id.* Since Plaintiff's offer to terminate his employment was not an unconditional offer of resignation, TVA did not accept said offer. (Marks aff. ¶ 5.) Thus, Plaintiff remained employed at TVA.

On November 13, 1995, TVA informed Plaintiff that his employment was going to be terminated due to his misuse of company property. (R. II000014-16.) Plaintiff's employment with TVA was actually terminated on December 27, 1995, for said cause. (Klipsch aff., Exhibit 1 at Request 10.)

On November 29, 1995, Plaintiff again applied to TVARS for disability retirement benefits. (R. CC000006-07.) Dr. A. Estes Felker, TVA's Director of Medical services recommended that the TVARS Medical Board examine Plaintiff's request. (R. CC000005.) Said Board comprised of three independent doctors, Drs. Barton, Rawlings, and Myers, then examined Plaintiff's request and determined that Plaintiff was not disabled. (R. BB000005-06.) Three other doctors chosen by Plaintiff, Drs. Luttrell, Devabhaktuni, and Clark, also determined that Plaintiff was not permanently disabled. *Id.*

After reviewing the medical reports and the TVA employment information, the TVARS staff transmitted the Plaintiff's records to the TVARS Retirement Committee and recommended that Plaintiff's disability application be denied. (Snyder aff. ¶ 12;

3

R. BB000005-06.) The Retirement Committee unanimously concurred in the staff recommendation. (Snyder aff. ¶ 12; R. BB000004.) Plaintiff's file, a report of the Retirement Committee's action, and the staff recommendation were sent to the entire TVARS Board which unanimously disapproved Plaintiff's application for disability retirement status. (Snyder aff. ¶ 12; R. BB000001-02.) On May 10, 1996, TVARS informed Plaintiff that his application for disability benefits had been denied. (Snyder aff. ¶ 12; R. AA000001.)

On December 31, 1995, <u>four days after Plaintiff's employment with TVA ended</u>, TVA offered its <u>then-current employees</u> the opportunity to opt into a new retirement benefits scheme. (Snyder aff. ¶ 3; Rules and Regulations of the TVA Retirement System, Rule 7.B.) In January 1996, Plaintiff submitted a claim for disability benefits from Provident under Group Policy No. 120841-01. (*See* Complaint at ¶ 6.) Provident denied Plaintiff's claim.

### Summary Judgment standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

[T]he plain language of Rule 56(c) mandates the entry of summary

4

> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial. In such a situation, there can be no genuine issue as
> to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.

5

See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

## Analysis

### I.   *TVARS*

TVARS's motion for summary judgment is properly supported by affidavits, the administrative record, and other appropriate submissions. (*See* docs. 19-23.)

### A.   *Denial of application for disability retirement (Complaint at ¶ 2)*

Plaintiff's primary claim against TVARS is that TVARS wrongly denied his application for disability retirement. In order for Plaintiff to be eligible for disability retirement, the TVARS Board must determine that he "cannot be continued in his ... position because of a physical or mental disability that is likely to be permanent and that

6

there is no other position available for which he is qualified and can perform with ... [his] medical restrictions." (Rules and Regulations of the TVA Retirement System, Rule 6.C.1.) Seven doctors examined Plaintiff – three at Plaintiff's request and four at TVARS's request. **None** of these doctors found Plaintiff permanently disabled. Thus, Plaintiff fails to meet the threshold requirement to be considered for disability retirement. Summary judgment is due to be granted on Plaintiff's claim against TVARS for denial of Plaintiff's claim for disability retirement.

     *B.*    *Denial of application for "early-out" option (Complaint at ¶ 3)*

Plaintiff claims TVARS wrongly denied his attempts to exercise the "early out" option allowed by TVA to its workers in 1994. TVA and TVARS are different legal entities. *See Tennessee Valley Trades and Labor Council v. TVA*, 751 F. Supp 135, 141 (M.D. Tenn. 1990). The "early-out" option was offered administered by TVA *not* by TVARS. Additionally, Plaintiff selected an option on his "early-out" application which, if granted, would have provided him with a one-time cash payment from TVA rather than any enhancement to his retirement plan. Thus, TVARS is not a proper party against which Plaintiff can recover for alleged damages due to the "early-out" option. Summary judgment is due to be granted on Plaintiff's claim against TVARS for denial of Plaintiff's application for the "early-out" option.

This court finds that, even if TVARS were a proper party to Plaintiff's claims regarding the "early out" option, summary judgment would still be due to be granted on this claim. The early out incentives application signed by Plaintiff clearly states, "My

decision to offer to resign is totally voluntary. I understand that acceptance of this offer and the establishment of the effective date is ***solely at the option of TVA***." (Marks aff. at Ex. 1.) TVA had the option to accept or refuse any employees' offer to resign. TVA exercised the option to refuse Plaintiff's offer due to the conditions Plaintiff hand-wrote on the back of the application. Thus, no claim can properly lie for Plaintiff's inability to participate in the early-out option.

  *C.* *Denial of application for new retirement benefits plan (Complaint at ¶ 4)*

  Plaintiff claims that TVARS wrongfully denied him the option of electing a new retirement benefits plan which Plaintiff contends was available to all employees. (Complaint at ¶ 4.) However, the undisputed evidence establishes that Plaintiff was not an employee of TVA on December 31, 1995. Employment on said date was a requirement for opting into the new retirement benefits plan (*i.e.*, the cash balance benefits structure). (Snyder aff. ¶ 10.) Therefore, Plaintiff was not eligible for the cash balance benefits structure. Summary judgment is due to be granted on Plaintiff's claim against TVARS for Plaintiff's inability to opt into the new retirement benefits plan (*i.e.*, the cash balance benefits structure).

  *D.* *Delay in processing application for disability retirement (Complaint at ¶5)*

  Plaintiff claims TVARS damaged him in an indeterminable amount by delaying processing of his application for disability retirement until Plaintiff settled a debt he owed to TVA. Plaintiff elected to defer his TVARS retirement benefits until October 22, 2014. (R. II000012.) The alleged delay in processing of Plaintiff's application took place in the

late 1990's allowing approval of his benefits well in advance of his requested 2014 disbursement date. Therefore, Plaintiff suffered no damages by the alleged delay. Summary judgment is due to be granted on Plaintiffs claim for delayed processing of his disability retirement application.

## II    *Provident*

In January 1996, Plaintiff submitted a claim for disability benefits to Provident under Group Policy No. 120841-01. Provident denied said claim. By the plain terms of said policy, Plaintiff's coverage "automatically cease[d] under the Policy on ... the date [his] ... employment with" TVA ceased, December 27, 1995. Group Policy No. 120841-01 at 41. By the terms of his own complaint, Plaintiff did not attempt to make a claim under the policy until January 1996. (*See* Complaint at ¶ 6.) Since Plaintiff was no longer employed with TVA at the time he filed his claim, he was not covered under the policy, and Provident properly denied Plaintiff's claim. Summary judgment is due to be granted on Plaintiff's claims against Provident.

## Conclusion

Defendants TVARS and Provident filed motions for summary judgment supported by affidavits and other appropriate submissions. (*See* docs. 19-23 & 25-26.) Federal Rules of Civil Procedure Rule 56(e) established the requirements for Plaintiff to oppose a properly supported motions for summary judgment like the ones filed by Defendants. "[T]he adverse party's response, by affidavits or as otherwise provided in this rule, **must** set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.

56(e) (emphasis added). Plaintiff has failed to do so. In fact, Plaintiff has failed to respond to either motion despite having sufficient time and notice (doc. 24 & 27).

Rule 56(e) further establishes that "[i]f the adverse party does not so respond, summary judgment, if appropriate, **shall** be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). Plaintiff has produced no evidence to create a genuine issue of material fact for trial. Therefore summary judgment is due in favor of Defendants and against Plaintiff on all claims made by Plaintiff in this case.

Based upon the above analysis and in accordance with the separate order this day entered;

It is therefore **ORDERED** that Defendants' motions for summary judgment (docs. 19 & 25) be and hereby is **GRANTED**.

**DONE and ORDERED** this the 7 day of June, 1999.

Inge P. Johnson
United States District Judge